UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANA GLORIA FELIX, | Case No.2:24-CV-812  JCM (DJA) |
| Plaintiff(s), | |
| v. | ORDER |
| UNITED STATES DEPARTMENT OF STATE, et al, | |
| Defendant(s). | |

Presently before the court is defendants U.S. Department of State, Carson Wu, Antony J. Blinken, Rena Bitter, U.S. Embassy in Frankfurt, Germany, Alejandro Mayorkas, and Ur Jaddou's (collectively "defendants")[1] motion to dismiss.  (ECF No. 14).  Plaintiff Ana Felix filed a response (ECF No. 17), to which defendants replied.  (ECF No. 18).

I.  **Background**

This action arises out of plaintiff's Form I-130 petition for alien relative ("petition").  The following allegations derive from her complaint.  In June 2008, plaintiff filed the petition on behalf of her son, Felix Duarte.  (*See* ECF No. 1).  The petition was approved around October 2009, and was forwarded to the U.S. Embassy in Frankfurt, Germany.  (*Id*.).  On August 8, 2023, Duarte and his family appeared at the Embassy for their interviews.  (*Id*.).  Mr. Duarte's application has been

---

[1] Under Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party."  Thus, the court orders that plaintiff file a notice of substitution, identifying the proper defendants that should be substituted out.

Case 2:24-cv-00812-JCM-DJA     Document 19     Filed 02/24/25     Page 2 of 7

pending because of "administrative processing." (*Id.*).

Plaintiff alleges that defendants have failed to act on the application in violation of the Administrative Procedure Act ("APA"). (*Id.*). She seeks mandamus relief to compel defendants to adjudicate Duarte and his family's visa applications. (*Id.*). Defendants move to dismiss plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 14).

**II.     Legal Standard**

   A.  Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

- 2 -

More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

In moving to dismiss under Rule 12(b)(1), the challenging party may either make a "facial attack," confining the inquiry to challenges in the complaint, or a "factual attack" challenging subject matter on a factual basis. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). For a facial attack, the court assumes the truthfulness of the allegations, as in a motion to dismiss under Rule 12(b)(6). *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987). By contrast, when presented as a factual challenge, a Rule 12(b)(1) motion can be supported by affidavits or other evidence outside of the pleadings. *United States v. LSL Biotechs.*, 379 F.3d 672, 700 n.14 (9th Cir. 2004) (citing *St. Clair v. City of Chicago*, 880 F.2d 199, 201 (9th Cir. 1989)).

B. Federal Rule of Civil Procedure 12(b)(6)

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation

omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id*. District courts apply federal pleading standards to state law claims in federal court. *See Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (applying federal pleading standards to action removed from state court).

The court, on a motion to dismiss, is limited to the allegations contained in the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 342 F.3d at 908.

### III.  Discussion

Defendants set forth five arguments in favor of dismissing plaintiff's complaint. The court addresses each in turn.

  A.  Plaintiff has named the proper defendants

Defendants argue that plaintiff's complaint should be dismissed because she has failed to name a defendant with the authority to either adjudicate or re-adjudicate Duarte's visa application. (ECF No. 14 at 8). Defendants' argument is unavailing. Plaintiff is challenging the deprioritizing and delay in processing the application, not the consular officer's adjudication of the application. (ECF No. 1).

The Secretary of State has the "authority vested by law in any office or official of the Department of State" and "shall administer, coordinate, and direct the Foreign Service of the United States and the personnel of the Department of State." 22 U.S.C. § 2651a(a)(3)(A); *see also Janay v. Blinken*, No. CV 23-3737, 2024 WL 3432379, at *4 (D.D.C. July 16, 2024) ("[nothing precludes [the Secretary] from directing the consular officers to decide pending applications 'within a reasonable time.'") (internal citations omitted); *see also Aminzadeh v. Blinken*, No. 2:24-CV-02025-DSF-MRW, 2024 WL 3811153, at *3 (C.D. Cal. Aug. 9, 2024) ("Secretary Blinken and Acting Director Wu are properly named defendants."). The court finds that the named defendants can redress plaintiff's requested relief.

B. Plaintiff's claims are not moot

Defendants also argue that plaintiff's claims are moot because the consular office rendered a decision on Duarte's application. (ECF No. 14 at 9). This argument is unavailing. Plaintiff's claim has not been finally ruled upon because Duarte's application is pending administrative processing. *See Li v. Blinken*, No. 8:23-cv-02142-DOC-KES, 2024 WL 2107341, at *3 (C.D. Cal., April 4, 2024). Thus, plaintiff's claims are not moot.

C. A mandatory, non-discretionary duty exists

Furthermore, defendants argue that plaintiff has failed to identify a mandatory, non-discretionary duty that a consular officer owes to her. (ECF No. 14 at 10). This argument has also been rejected by other courts in this district. The Secretary of State owes plaintiff a mandatory, non-discretionary duty that Duarte's application will be adjudicated by a consular officer within a reasonable time. *See Durham v. Blinken*, No. CV 24-02868 PSG (MRWX), 2024 WL 3811146, at *4 (C.D. Cal. Aug. 8, 2024).

D. Consular nonreviewability

Defendants also argue that the doctrine of consular nonreviewability precludes plaintiff's suit. (ECF No. 14 at 14). Other courts in this district have consistently rejected this argument. The doctrine of consular nonreviewability provides "that the consular official's decision to issue or withhold a visa is not subject either to administrative or judicial review." *Bustamante v. Mukasey*, 531 F.3d 1059, 1061 (9th Cir. 2008) (quoting *Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970, 971 (9th Cir. 1986)). Here, the doctrine is not triggered because plaintiff does not challenge the consular officer's decision—she challenges defendants' delay in issuing a decision.

D. *TRAC* factors analysis

Lastly, defendants argue that plaintiff fails to state a plausible claim that the 8-month delay

is unreasonable under *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*").  (ECF No. 14 at 16-17).

However, the court finds it premature to conduct a *TRAC* analysis at the motion to dismiss stage.  *See Hui Dong v. Cuccinelli*, No.: CV 20-10030-CBM-(PLAx), 2021 WL 1214512, at *4 (C.D. Cal. Mar. 2, 2021) (finding ruling on the satisfaction of *TRAC* factors premature at pleading stage); *Gelfer v. Chertoff*, No. C 06-06724 WHA, 2007 WL 902382, at *2 (N.D. Cal. Mar. 22, 2007) (denying motion to dismiss because "[w]hat constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case"); *A.C.C.S. v. Nielsen*, No. CV 18-10759-DMG (MRWx), 2019 WL 7841860, at *6 (C.D. Cal. Sept. 17, 2019) (finding *TRAC* factors are "fact intensive inquiry" better suited for decision after discovery).

Thus, at this juncture, the court finds that plaintiff has plausibly alleged that defendants' delay is unreasonable.  She has alleged that it has taken over eight months to process Duarte's application.  Defendants' motion to dismiss is denied.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 14) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff shall file a notice of substitution, identifying the proper defendants that should be substituted out, within fourteen (14) days of this order.

DATED February 24, 2025.

                                                   /s/ James C. Mahan
UNITED STATES DISTRICT JUDGE